# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

------------------------------------------------------

BOBBY PURCELL

       Plaintiff,

v.                                           Civil Action No.

MRS ASSOCIATES, INC.

       Defendant.

------------------------------------------------------

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Bobby Purcell ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Bedford, and City of Unionville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, MRS Associates, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant contacted Plaintiffs father on or about June 13, 2010 and disclosed to Plaintiffs father that Defendant was pursuing Plaintiff for a debt. (15 U.S.C. §§ 1692b(2), 1692c(b)).

12. Defendant has represented to Plaintiff that Plaintiff owes a debt that Plaintiff has documented has been paid in full. (15 U.S.C. § 1692e(2)(A)).

13. Defendant made initial contact with Plaintiff via telephone on May 19, 2010, at which time Defendant failed to provide Plaintiff with the notices required under 15 U.S.C. §§ 1692g(a), and further failed to provide Plaintiff with such required notices within five (5) days thereof.  (15 U.S.C. § 1692g(a) et seq).

14. Defendant made initial contact with Plaintiff via telephone on May 19, 2010, and subsequently threatened Plaintiff with both legal action and negative credit reporting during a telephonic communication on June 4, 2010 @ 12:15 p.m. (Collector: Art), overshadowing the disclosures required by 15 U.S.C. § 1692g(a) et seq. during the thirty-day dispute period.

15. Such threats were furthermore actions that Defendant could not legally take, nor intend to take.  (15 U.S.C. § 1692e(5), 1692g(b))..

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k,

      in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19.      Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 31, 2010

      Respectfully submitted,
      Bobby Purcell

      By: /s/Craig Ehrlich
      Craig Ehrlich
      Attorney for Plaintiff
      Weisberg & Meyers, LLC
      5722 S. Flamingo Road, #656
      Cooper City, FL 33330
      Telephone: (602) 445 9819
      Facsimile: (866) 565 1327
      Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

      Craig Ehrlich
      Weisberg & Meyers, LLC
      Attorneys for Plaintiff
      5025 N. Central Ave. #602
      Phoenix, AZ 85012